```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

JEREMY WILLIAMS,                  )
                                  )
                Plaintiff,        )
                                  )
    v.                            )   No.  08 C 1657
                                  )
CHICAGO POLICE OFFICER            )
MATTHEW PETERSON, et al.,         )
                                  )
                Defendants.       )
_____)
                                  )
PIERRE MANNING,                   )
                                  )
                Plaintiff,        )
                                  )
    v.                            )   No.  08 C 7273
                                  )
CITY OF CHICAGO, et al.,          )
                                  )
                Defendants.       )

## MEMORANDUM ORDER

City of Chicago ("City"), one of the defendants in each of the captioned lawsuits (the other named defendants are Chicago Police Officers), has moved for reassignment of the Manning case (presently assigned to this Court's colleague Honorable Ruben Castillo) to this Court under the provisions of this District Court's LR 40.4. Each plaintiff's counsel opposes the motion, currently set for presentment at 9:15 a.m. January 26. This memorandum order denies City's motion, though the related matter dealt with at the end of this order will be discussed at the scheduled presentment date.

This Court regularly comments in response to an LR 40.4

motion--almost always orally, because such motions rarely call for written treatment--that the initial hurdle of establishing "relatedness" is easy to surmount.  LR 40.4(a) is framed in the disjunctive, so that satisfying any one of its four conditions suffices for that purpose.  In this instance the satisfaction of that requirement is particularly easy, because each plaintiff asserts that he was shot by one or another of the defendant officers on the same occasion, while the others assertedly took no steps to prevent the shooting.

What almost always controls the grant or denial of <u>reassignment</u> based on relatedness, however, is the movant's need to satisfy all four provisions of LR 40.4(b), stated in the conjunctive.  Of those four, the one that most frequently controls is LR40.4(d), which requires a showing that "the cases are susceptible of disposition in a single proceeding."  And in cases such as these two, "single proceeding" means a single trial.

It seems clear that the establishment of liability or nonliability in these cases can meet that "single proceeding" standard.  But each plaintiff's damages, if they succeed in establishing liability, are a different matter.  Moreover, it is too early to tell whether cross examination of either plaintiff may raise issues that could taint the other if a single trial were to take place.

Accordingly City's LR 40.4 motion is denied, essentially because it is really premature at this point. As indicated by the preceding paragraph, such denial is without prejudice to the possible reassertion of a like motion if discovery or other further developments in the cases makes such a reassertion appropriate. In the meantime, though, arrangements for coordinated discovery would appear to be in order, and that subject will be discussed at the January 26 presentment date.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 26, 2009